## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
|     **10 S. Howard Street, 3rd Floor** | ) | |
|     **Baltimore, Maryland 21201** | ) | |
| | ) | |
|        **Plaintiff,** | ) | **COMPLAINT AND JURY TRIAL** |
| | ) | **DEMAND** |
| | ) | |
|       **v.** | ) | |
| | ) | |
| **Cassidy Turley Commercial Real Estate** | ) | |
| **Services, Inc. t/a Cushman & Wakefield,** | ) | **Civil Action No.** |
|     **6811 Benjamin Franklin Drive** | ) | |
|     **Columbia, Maryland 21046** | ) | |
| | ) | |
|       **Defendant.** | ) | |
| | ) | |

---

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Toi Patterson ("Patterson"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Cassidy Turley Commercial Real Estate Services t/a Cushman & Wakefield ("Defendant") unlawfully discriminated against Patterson by failing to reasonably accommodate her and terminating her employment because of her disability and record of disability, in violation of the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.     Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.     At all relevant times, Defendant Cushman & Wakefield has continuously been a Missouri corporation doing business in the State of Maryland and the City of Columbia, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Toi Patterson filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.

8.      On February 16, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On May 3, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

13.     At all relevant times, Patterson was an individual with an actual disability and a record of a disability as defined by the ADA.

14.     At all relevant times, Patterson suffered from breast cancer.

15.     At all relevant times, and a result of her disability, Patterson was substantially limited in the major life activities of normal cell growth.

16.     At all relevant times, Patterson was qualified to perform the essential functions of her job.

3

17.     Defendant hired Patterson as an Administrative Assistant on May 23, 2005, in its Columbia, MD office.   On August 5, 2011, Respondent promoted Patterson to Senior Administrator.

18.     In or around April 2014, Patterson was diagnosed with Stage III Malignant Neoplasm of the breast (i.e., breast cancer).

19.     As a result of her diagnosis, Patterson was required by her physician to undergo chemotherapy treatments, as well as surgery (lobectomy).

20.     Patterson requested from Defendant intermittent FMLA leave beginning April 21, 2014 through October 19, 2014.

21.     After Patterson returned from her first intermittent leave, her supervisor, Angela Holden, informed her that they "needed to talk" and that she would need to know when Patterson was going to be absent or late from work.

22.     Fearing that Holden would make it difficult to use intermittent leave, Patterson requested and began continuous FMLA leave on June 9, 2014.   Her FMLA was set to expire on August 10, 2014.

23.     On July 31, 2014, Patterson asked Holden, whether Defendant could accommodate her return to work with a fixed, part-time schedule.   She further informed Holden that she would need to take additional leave after her surgery.

24.     On August 7, 2014, Patterson provided Defendant a work-release letter from her oncologist, authorizing her return to work on a part-time basis, not to exceed 25 hours per week, beginning August 17, 2014.

25.     Defendant did not contact Patterson to discuss her request for an accommodation.

4

26.     On August 15, 2014, Defendant informed Patterson that it could not accommodate her part-time schedule request.   Defendant did not address whether it could accommodate Patterson with additional leave.   Instead, Defendant terminated Patterson's employment on August 15, 2014, effective immediately.

27.     Since at least August 2014, Defendant engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b).   The unlawful employment practices include:

a.      failing to provide Patterson a reasonable accommodation of a reduced work schedule and intermittent and/or continuous leave; and

b.      discharging Patterson because of her disability and record of disability.

28.     The effect of the practices complained of in paragraphs 17-27 above has been to deprive Patterson of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

29.     The effect of the practices complained of in paragraphs 17-27 above has been to deprive Patterson of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability.

30.     The unlawful employment practices complained of in paragraphs 17-27 above were intentional.

31.     The unlawful employment practices complained of in paragraphs 17-27 above were done with malice or with reckless indifference to the federally protected rights of Patterson.

5

**PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability; failing to provide reasonable accommodations to individuals covered by the ADA;

B.      Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant to make whole Patterson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.      Order Defendant to make whole Patterson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E.      Order Defendant to make whole Patterson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Patterson punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

6

G.      Grant such further relief as the Court deems necessary and proper in the public

interest; and

H.      Award the EEOC its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

_____
CHIOMA CHUKWU
Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor

Baltimore, Maryland 21201
(410) 209-2730 (phone)
(410) 962-2221 (fax)
Chioma.Chukwu@eeoc.gov