UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| V. ) ) | Case No. 16-CV-02788-JKB |
| CASSIDY TURLEY COMMERCIAL REAL ESTATE ) SERVICES, INC. T/A CUSHMAN & WAKEFIELD, ) ) | |
| Defendant. ) ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Cushman & Wakefield U.S., Inc. ("C&W")[1], by counsel, submits its Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff, the Equal Employment Opportunity Commission ("EEOC") on behalf of Toi Patterson ("Ms. Patterson").

## NATURE OF THE ACTION[2]

As to the first paragraph of the Complaint entitled "Nature of the Action," C&W admits that the EEOC, on behalf of Ms. Patterson, filed a Complaint against C&W to recover damages for the purported violation of the Americans with Disabilities Act Amendments Act of 2008 and Title I of the Civil Rights Act of 1991, under which the EEOC has alleged disability discrimination and failure to accommodate, but C&W denies that the EEOC and/or Ms. Patterson are entitled to any relief.

---

[1] Defendant C&W was named incorrectly in the caption. The proper legal name for Defendant is Cushman& Wakefield U.S., Inc.
[2] C&W uses the headings in the Complaint solely for the Court's convenience, and does not adopt or admit to any of the facts or allegations that may be contained therein.

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, C&W denies the same.

2. The allegations contained in Paragraph 2 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, C&W denies the same.

## PARTIES

3. The allegations contained in Paragraph 3 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, C&W denies the same.

4. Admitted

5. The allegations contained in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required.

6. The allegations contained in Paragraph 6 of the Complaint constitute a legal conclusion to which no response is required.

## STATEMENT OF CLAIMS

7. C&W admits that more than thirty (30) days prior to the filing of the lawsuit, Ms. Patterson filed a charge of discrimination with the EEOC, but avers that the charge of discrimination is the best evidence of its contents and denies any characterization of it. To the extent any allegation contained in Paragraph 7 is expressly admitted, it is denied.

8. C&W admits that it received a letter entitled "Letter of Determination" dated February 16, 2016 issued by the EEOC, but avers that the document is the best evidence of the

its contents, and denies any characterization of it. To the extent any allegation contained in Paragraph 8 is expressly admitted, it is denied.

9. C&W admits that it had communications with the EEOC regarding possible conciliation of Ms. Patterson's claims, but denies the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. Admitted.

11. C&W is without knowledge or information sufficient to form a belief of the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies same.

12. The allegations in Paragraph 12 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, C&W denies the same.

13. The allegations in Paragraph 13 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, C&W denies the same.

14. C&W admits that in approximately April, 2014, Ms. Patterson informed C&W that she had been diagnosed with breast cancer. C&W is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. C&W is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. Denied.

17. Admitted.

18. C&W admits that in or around April, 2014, Ms. Patterson informed C&W that she had been diagnosed with breast cancer. C&W is without information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 18, and therefore denies the same.

19.    C&W admits that Ms. Patterson underwent chemotherapy treatment and underwent surgery in relation to her cancer diagnosis. C&W is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19, and therefore denies the same.

20.    Admitted.

21.    Denied.

22.    C&W admits that Ms. Patterson requested continuous FMLA leave on June 9, 2014, and that such leave would be exhausted August 10, 2014. C&W is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23.    C&W denies the first sentence contained in Paragraph 23 of the Complaint. C&W admits that Ms. Patterson indicated she would need surgery, but denies the remaining allegations contained in the second sentence of Paragraph 23 of the Complaint.

24.    C&W admits that on or about August 7, 2014, Ms. Patterson provided C&W an August 5, 2014 letter from her physician, but C&W avers that the letter is the best evidence of its contents and denies any characterization of it. To the extent any allegation contained in Paragraph 24 is expressly admitted, it is denied.

25.    Denied.

26.    C&W admits that on August 15, 2014, it informed Ms. Patterson that her request for a part-time schedule was an undue burden, and that it was unable to approve her request.

C&W admits that Ms. Patterson's termination on August 15, 2014 was effective immediately. C&W denies the remaining of the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27(a)-(b) are denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

### PRAYER FOR RELIEF

In response to the unnumbered paragraphs in the Prayer for Relief section immediately following Paragraph 31 of the Complaint, C&W denies that the EEOC and/or Ms. Patterson are entitled to any remedies or relief in this action, including those sought in these paragraphs, and denies any and all remaining allegations contained in the Prayer For Relief section of the Complaint.

C&W denies each and every allegation of the Complaint not specifically admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

C&W asserts the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.

1. The EEOC fails to state a claim on behalf of Ms. Patterson for failure to accommodate and disability discrimination under the Americans with Disabilities Act Amendments Act of 2008 and Title I of the Civil Rights Act of 1991 as the accommodations Ms. Patterson requested would not have permitted Ms. Patterson to perform the essential functions of her position, and would have been an undue burden on C&W.

2. The claims of the EEOC on behalf of Ms. Patterson are barred to the extent that they exceed the applicable statute of limitations period.

3. The claims of the EEOC on behalf of Ms. Patterson may be barred by the equitable doctrine of laches, waiver, and estoppel.

4. Ms. Patterson may have committed acts and omissions causing the claims of the EEOC on behalf of Ms. Patterson to be barred, in whole or in part, by the doctrine of unclean hands, barring any equitable relief requested.

5. All actions taken by C&W with regard to Ms. Patterson were based on reasonable factors and legitimate business reasons, were not pretextual, and were not discriminatory.

6. The accommodations requested by Ms. Patterson would not have permitted Ms. Patterson to perform the essential functions of her position, and therefore were not reasonable.

7. The accommodations requested by Ms. Patterson would have caused an undue burden on C&W, and therefore was not reasonable.

8. C&W engaged in interactive dialogue with Ms. Patterson and Ms. Patterson's physician; however, no accommodation could be found that would allow Ms. Patterson to perform the essential functions of her position and/or not constitute an undue burden to C&W.

9. All employment actions taken by C&W with respect to Ms. Patterson were based on legitimate, non-discriminatory reasons, were lawful, proper, and appropriate, and C&W acted at all times in good faith and never with negligence, willfulness or malice.

10. The claims of the EEOC on behalf of Ms. Patterson are barred on the grounds that even if any decision by C&W concerning Ms. Patterson was based in part on discriminatory grounds, C&W would have reached the same decision absent any partially discriminatory motive.

11. Assuming, *arguendo*, that any employee of C&W engaged in any unlawful conduct toward Ms. Patterson, which C&W denies, such misconduct was contrary to C&W's express policies and beyond the scope of the individual's employment and cannot be attributed to C&W, and C&W cannot be held liable for any such misconduct under the concept of respondent superior; nor is C&W otherwise vicariously liable.

12. C&W exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment and retaliation.

13. C&W exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – outlining how to request an accommodation and its commitment to complying with the Americans with Disabilities Act Amendments Act of 2008.

14. C&W exercised reasonable care to prevent and promptly correct any discriminatory, harassing, or retaliatory behavior, and Ms. Patterson unreasonably failed to take advantage of any preventative or corrective opportunities provided by C&W.

15. Ms. Patterson did not suffer any adverse employment action due to any unlawful, unjustified or unreasonable conduct of C&W or its employees or agents.

16. The claims of the EEOC on behalf of Ms. Patterson are barred to the extent that they were not made the subject of a timely charge of discrimination, are beyond the scope of the charge of discrimination, and/or to the extent that Ms. Patterson and/or the EEOC otherwise failed to exhaust administrative remedies and/or conditions precedent prior to filing this action.

17. Ms. Patterson has not suffered any damages attributable to C&W.

18. To the extent Ms. Patterson failed to reasonably mitigate her alleged damages, Ms. Patterson's claims for damages are barred in whole or in part.

19. To the extent applicable, Ms. Patterson's claims for damages may be barred and/or limited by the after-acquired evidence doctrine.

20. Ms. Patterson's damages are limited by statutory "caps."

21. C&W is not liable for punitive damages because it did not commit any knowing, wanton, intentional or malicious acts against Ms. Patterson, nor did it authorize or ratify such acts by any of its employees, managing agents, officers, or directors, nor did it act with reckless indifference to any of Ms. Patterson's rights.

22. Because discovery has not been completed at this stage of the case, C&W reserves the right to assert additional defenses, as appropriate.

**WHEREFORE**, C&W prays for judgment against the EEOC as follows:

a. For an order dismissing with prejudice the claims brought by the EEOC on Ms. Patterson's behalf, and entering judgment in favor of C&W against the EEOC;

b. For all costs, disbursements, and reasonable attorneys' fees incurred by C&W in connection with the defense of this matter; and

c. For any other such relief as the Court in the exercise of its discretion deems to be just and proper.

| | |
|---|---|
| October 6, 2016 | Respectfully submitted,<br><br>*/s/ Paul J. Kennedy*<br>Paul J. Kennedy, Bar No. 15447<br>pkennedy@littler.com<br>Meredith L. Schramm-Strosser, Bar No. 18537<br>Mschramm-strosser@littler.com<br>LITTLER MENDELSON, P.C.<br>815 Connecticut Ave., NW<br>Suite 400<br>Washington, DC 20006<br>202.842.3400 (main)<br>202.842.0011 (fax)<br><br>Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

  I hereby certify that, on October 6, 2016 I electronically filed the foregoing Answer and Affirmative Defenses using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

> P. David Lopez, Esq.
> James L. Lee, Esq.
> Gwendolyn Young Reams, Esq.
> Debra M. Lawrence, Esq.
> Maria Salacuse, Esq.
> Chioma Chukwu, Esq.
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> Baltimore Field Office
> 10 S. Howard Street, 3rd Floor
> Baltimore, Maryland 21201
> Chioma.Chukwu@eeoc.gov

                /s/ *Paul J. Kennedy*
                Paul J. Kennedy