FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAR -2  AM 4: 1*

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 1:16-cv-02788-JKB |
| v. ) ) ) ) | |
| CASSIDY TURLEY REAL ESTATE SERVICES) INC. D/B/A CUSHMAN & WAKEFIELD ) ) ) ) ) | |
| Defendant. ) ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, Cassidy Turley Real Estate Services Inc. d/b/a Cushman & Wakefield ("Defendant" or "CW"), alleging that Defendant violated Sections 102(a) and (b) of Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, 42 U.S.C. § 12112(a) and (b), and Title I of the Civil Rights Act of 1991, by failing to provide Toi Patterson ("Patterson") a reasonable accommodation for her disability and record of disability and discharging Patterson because of her disability. Defendant denies the allegations in the Complaint, and Defendant does not admit any alleged violation of the ADA or any other law.

The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, which will promote and effectuate the purposes of the ADA. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA.

Therefore, upon due consideration of the pleadings and the record as a whole, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action, which emanate from the Charge of Discrimination filed by Patterson. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such pending or future charges as the Commission sees fit.

2. This Decree shall be in effect for a period of eighteen (18) months from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. The terms of this Decree apply to Defendant's Baltimore-area office where Patterson was employed (6811 Benjamin Franklin Drive, Suite 100, Columbia, MD 21046), as well as its successor office, if any, resulting from any merger and/or acquisition on or after the date of entry of this Decree.

4. This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

## Relief to Toi Patterson

5. Within twenty (20) business days of date of entry of this Decree, Defendant shall pay Patterson monetary relief in the total amount of $100,000.00, representing $60,000 in back pay with interest and $40,000 in non-pecuniary compensatory damages. Defendant will issue Patterson an IRS Form 1099 for the 2017 tax year for the compensatory damages amount and an

IRS W-2 form for the 2017 tax year for the back pay amount. Defendant shall make all legally required withholdings from the back pay amount. The checks and IRS forms will be sent directly to Patterson, and a photocopy of the checks and related correspondence will be mailed or emailed in accordance with Paragraph 15 below.

6. Defendant shall provide Patterson, within ten (10) days of the date of entry of this Decree, with a positive letter of reference, on CW letterhead, and signed by her former supervisor, setting forth, at minimum, the following: Patterson's dates of employment, position, job duties, and describing at least three (3) positive job-related attributes demonstrated by Patterson in her former capacity. In response to any inquiry received by CW concerning Patterson from a potential employer, headhunter, or other person inquiring about Patterson's employment history, Defendant shall provide the information contained in the positive letter of reference.

## Injunctive Relief

7. Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest hereby are enjoined from denying reasonable accommodations to qualified individuals with disabilities and violating the provisions of the ADA, and related regulations, including the following provisions:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> [T]he term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . .

42 U.S.C. § 12112(b)(5).

### Written Policies & Procedures

8. Within sixty (60) days from the entry of this Decree, Defendant will implement and disseminate to all employees and new hires a revised accommodations policy. The revised policy will define reasonable accommodation under the ADA, explain Defendant's obligations under the ADA to accommodate qualified employees, and identify examples of reasonable accommodations, including part-time or modified work schedules and unpaid leave as reasonable accommodations for employees with disabilities. A copy of Defendant's revised policy shall be provided to the EEOC within the sixty (60) days, in accordance with Paragraph 15 below.

### ADA Training

9. Within three (3) months from the date of entry of this Decree, Defendant shall provide at least 60 minutes of live training on the ADA for all supervisory and managerial employees, and all human resources personnel. The training will cover all areas of prohibited ADA employment discrimination, with a special emphasis on reasonable accommodations and the duty to engage in an interactive process. The training will also specifically address the provision of part-time or modified work schedules and unpaid leave as reasonable accommodations. The training shall be conducted by a qualified individual with experience with laws prohibiting employment discrimination, subject to the approval of the EEOC.

10. Within thirty (30) days of completing its 60 minute live training as discussed in Paragraph 9 above, Defendant will provide the EEOC with written documentation that the

training occurred, including the date the training was completed, and a signed attendance list identifying the name and job titles of all attendees.

11. During orientation, all new employees shall be informed of Defendant's policies regarding the ADA and reasonable accommodation.

## Notice and Postings

12. Within ten (10) business days of the date of entry of this Decree, Defendant will post and continue to post the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

13. Within ten (10) business days of the date of entry of this Decree, Defendant will post, in all places where notices to employees customarily are posted in its Baltimore-area office where Patterson worked, as well as its successor office, if any, resulting from any merger and/or acquisition on or after the date of entry of this Decree, the Notice attached hereto as Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall be signed by a representative of Defendant with the date of actual posting shown thereon. Should the Exhibit become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibit are posted in the same manner as specified above. Within thirty (30) days of completion of the required posting, Defendant shall forward to Trial Attorney Chioma Chukwu a copy of the signed Notice (Exhibit A) and written certification that the Notice (Exhibit A) has been posted and a statement of the location(s) and date of posting.

### Monitoring Provisions

14. Within twelve (12) months from the date of entry of this Decree, Defendant will prepare and submit to the Commission a list of all individuals in Defendant's Baltimore-area office where Patterson worked, as well as its successor office, if any, resulting from any merger and/or acquisition on or after the date of entry of this Decree, who have complained (internally or externally) of or reported any discrimination in employment on the basis of disability. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date the complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each employee, including manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability, Defendant will so inform the Commission's Baltimore Field Office.

15. All materials required by this Decree to be sent to the EEOC shall be addressed to: Chioma Chukwu, Trial Attorney, Equal Employment Opportunity Commission, Baltimore Field Office. The materials may be sent by electronic mail to chioma.chukwu@eeoc.gov.

16. In the event the Commission believes Defendant has failed to comply with any provision of this Decree, the Commission shall:

   a. Notify Defendant in writing of the alleged non-compliance by email and regular U.S. mail addressed to Paul Kennedy, Littler Mendelson, P.C., 815 Connecticut Ave., NW, Suite 400, Washington, DC 20006, pkennedy@littler.com. Defendant shall within thirty (30) days of service of the written notice respond to the allegations of non-compliance by email

and regular U.S. mail addressed to Trial Attorney Chioma Chukwu in accordance with Paragraph 15 above; and

  b. Afford Defendant at least ninety (90) days after service of the written notice to remedy the alleged non-compliance before seeking any judicial relief.

  c. Meet and confer with Defendant within the ninety (90) day period identified in Paragraph 16(b) after service of the written notice, and, if unsuccessful in the meet and confer, file with the Court a motion to correct and remedy the breach following the ninety (90) day period in Paragraph 16(b).

17. The Commission and Defendant shall bear their own costs and attorneys' fees.

18. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,           Respectfully submitted,

FOR PLAINTIFF:              FOR DEFENDANT:

_____
Debra M. Lawrence
Regional Attorney

_____
Maria Salacuse
Supervisory Trial Attorney

_____
Chioma Chukwu
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
Phone: (410) 209-2730
Email: chioma.chukwu@eeoc.gov

/s/ Paul J. Kennedy
Paul J. Kennedy
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Phone: 202-414-6855
Email: pkennedy@littler.com

Counsel for Defendant Cassidy Turley
Real Estate Services, Inc. d/b/a Cushman &
Wakefield

Counsel for Plaintiff Equal Employment
Opportunity Commission

**SO ORDERED.**

Signed and entered this 2 day of March, 2017.

_James K. Bredar_
James K. Bredar
United States District Judge

Firmwide:146125277.1 008265.1010